# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| COUNTERFLO AB,<br><br>                    Plaintiff,<br><br>     vs.<br><br>WALMART INC.,<br><br>                    Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Counterflo AB ("Counterflo") files this complaint for patent infringement pursuant to 35 U.S.C. §§ 100 *et seq.* against Defendant Walmart Inc., ("Walmart") for infringement of U.S. Patent No. 8,791,829 ("the '829 Patent" or the "Patent-in-Suit") and in support thereof alleges as follows:

## I. THE PARTIES

1.      Counterflo is a corporation organized under the laws of Sweden, having a place of business at Rådmansgatan 69,113 60 Stockholm, Sweden.

2.      Defendant Walmart Inc. ("Walmart") is a Delaware corporation with a principal place of business at 702 S.W. 8th Street #555, Bentonville, Arkansas 72716. Walmart may be served through its registered agent in Texas, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## II. JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 271 and 281, *et seq*.

4.      Subject matter jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1338.

1

5.      This Court has personal jurisdiction over Walmart in this action. Walmart has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Walmart would not offend traditional notions of fair play and substantial justice.

6.      In particular, Walmart directly and/or through subsidiaries or intermediaries (including distributors, retailers, and others), has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell and selling products and/or services that infringe the Patent-in-Suit, as described herein. Walmart is directly and/or through intermediaries making, using, selling, offering for sale, distributing, advertising, promoting, and otherwise commercializing infringing products in this District. Walmart regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from goods and services—including the Accused Products—provided to the residents of this District and the State of Texas.

7.      Walmart is subject to jurisdiction pursuant to due process and/or the Texas Long Arm Statute due to its substantial business in this State and District including at least Walmart's infringing activities, regularly doing or soliciting business at its facilities within the District, and engaging in persistent conduct and deriving substantial revenues from goods and services—including the Accused Products—provided to residents in the State of Texas.

8.      For example, Walmart distributes, sells, and delivers the Accused Products (defined below) to consumers in this District. A customer seeking to purchase an Accused Product can do so from the Walmart website, walmart.com, or from a Walmart store. (*See, e.g.*, https://www.walmart.com/ip/USB-C-Cable-6FT-3A-Fast-Charger-Oliomp-360-Visible-Lighted-

2

Up-LED-Flowing-Light-Type-Cable-Charging-Cord-Compatible-Samsung-Galaxy-S10-S9-S8-Note-9-P/477696706) (accessed February 8, 2022).

9.      By working to store, distribute, sell, and deliver their products to Texas residents, including those of this District, Walmart purposefully places the Accused Products in established distribution channels in the stream of commerce.

10.     Further, as described below, Walmart has a regular and established place of business in this District and has thousands of employees located in the District.

11.     Walmart, therefore, has purposefully directed its activities at this State and this District, and should reasonably anticipate being brought into this Court.

12.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400(b) because Walmart has established places of business in this District, has committed acts of patent infringement giving rise to this action in this District, and continues to conduct business in this District, including one or more acts of making, selling, using, importing and/or offering for sale infringing products or providing support service to its customers in this District.

13.     On information and belief, Walmart has regular and established places of business, and employs thousands of people, in this District. Indeed, upon information and belief, Walmart operates over 500 Walmart stores in Texas, which is more stores than Walmart operates in any other state (and approximately 50% more stores than the state that includes the next largest number of stores (Florida)). *See, e.g.,* Walmart Inc. 2021 10-K Annual Report, at 26. (available at https://stock.walmart.com/investors/financial-information/sec-filings/default.aspx).

14.     Walmart's operates stores in at least the following cites in this District: Anna; Athens; Atlanta; Beaumont; Bonham; Bridge City; Carthage; Center; Crockett; Cross Roads; Denison; Denton; Flower Mound; Frisco; Gainesville; Gilmer; Gun Barrel; Henderson; Hickory

3

Creek; Highland Village; Jacksonville; Jasper; Kilgore; Liberty; Lewisville; Livingston; Longview; Lufkin; Lumberton; Marshall; McKinney; Mineola; Mt. Pleasant; Nacogdoches; New Boston; Palestine; Plano; Port Arthur; Princeton; Prosper; Roanoke; Sherman; Silsbee; Sulphur Springs; Texarkana; Tyler; West Orange; Woodville; and Vidor. *See, e.g.*, https://www.walmart.com/store/directory/tx.

15.    Upon information and belief, Walmart operates, at least, nineteen distribution centers in Texas. Those include distribution centers within this District, including locations in, at least, the following cities in this District: Fort Worth (in Denton County); Palestine; Sanger; and Terrell.

16.    Walmart operates a number of corporate offices in Texas. Those include, at least, technology development centers, including one in this District in Plano, Texas. *See* https://www.dallasnews.com/business/technology/2018/03/07/walmart-is-about-to-open-a-technology-research-center-in-plano-s-granite-park/.

17.    Further, upon information and belief, Walmart employs over 150,000 people in Texas, has collected $1.8 billion in taxes on behalf of Texas, and has paid over $500 million in taxes and fees in its fiscal year ending in 2020. *See, e.g.*, https://corporate.walmart.com/our-story/locations/united-states/texas#.

### III. THE PATENT-IN-SUIT

18.    The '829 Patent, entitled "VISUALISATION ARRANGEMENT," was lawfully issued by the United States Patent and Trademark Office on July 29, 2014. A true and correct copy of the '829 Patent is attached as **Exhibit A**.

19.    The '829 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

4

20.     Counterflo is the owner, by assignment, of the '829 Patent, including the right to sue for past infringement.

21.     Counterflo asserts and alleges that Walmart has infringed and continues to infringe at least one claim of the '829 Patent.

## IV. FACTUAL ALLEGATIONS

### Introduction

22.     The invention of the '829 Patent began as a research initiative at the Interactive Institute, a Swedish nonprofit that explores technology and design, to increase consumer awareness of their power consumption by embedding a low-energy lighting structure within a power cord which would emit light in proportion to the current flowing, to give a visual indication of power consumption. Thus, the '829 Patent disclosed an eco-friendly technology to educate users about their power consumption and to avoid wastage, which also provides a functional effect, visually notifying users of the charging state of their electronics.

23.     Counterflo—including through its wholly-owned subsidiary, The Power Aware Company—has successfully commercialized the invention of the '829 Patent and is selling its products that embody said invention in the European market. *See* www.poweraware.com.

24.     Counterflo's commercially available product that embodies the invention of the '829 Patent is an electric cable with visible indication of the electrical quantity flowing through the cable. Counterflo's product is marketed as the "Power Aware Cord."

25.     The visibility is a light flow outside the cable, which corresponds to the amount of power flowing through the cable, *i.e.*, as more power flows inside the cable, the visible light flow on the outside increases, and vice versa. When there is no more power flowing through the cable (*i.e.*, when a phone or other device is fully charged) the light on the outside is no longer visible, indicating that it is time to unplug the phone or device from the charger.

5

26.     This feature provides benefits to consumers, including allowing a user to avoid the charging of batteries for no reason and thereby extend the lifetime of the battery and device being charged. The patented feature helps consumers to reduce energy consumption and environmental impact of, *e.g.*, cell phone use. *See also, e.g.*, https://www.poweraware.com/en/products/apple-lightning. The aesthetic effect of the patented feature also has been praised in many articles and customer reviews.

27.     The invention of the '829 Patent has met with wide-spread acclaim and praise, including as one of Time Magazine's "50 Best Inventions of 2010." *See, e.g.*, http://content.time.com/time/specials/packages/article/0,28804,2029497_2030623_2029820,00.html.

28.     Counterflo has also successfully licensed European counterparts to the '829 Patent.

29.     In 2017, Counterflo sold products embodying the invention of the '829 Patent in the United States, but was driven out of the market by unlicensed competitors—including Walmart—selling products that infringed the '829 Patent.  Counterflo's products sold in the United States were marked with the '829 patent in compliance with 35 U.S.C. § 287.

**The Accused Products**

30.      Walmart sells unlicensed charging cables that, like Counterflo's Power Aware Cord, have visible indications of the electrical quantity flowing through the cable. Upon information and belief, the light flow outside the cable of each Accused Product corresponds to the amount of power flowing through the cable, *i.e.*, as more power flows inside the cable, the visible light flow on the outside increase, and vice versa.

31.     Upon information and belief, each Accused Product infringes at least Claims 1 and 8 of the '829 Patent:

6

1. An arrangement for visual indication of an electrical quantity, being one or several of power, current or voltage through a conductor, wherein the arrangement comprises a substantially wire shaped illuminator and a controller for control at least one illumination characteristic of said wire shaped illuminator with respect to said electrical quantity by measuring the electrical quantity and feeding the wire shaped illuminator with varying current or voltage corresponding to the electrical quantity measured in the conductor.

8. The arrangement of claim 1, wherein said illumination characteristic is one or several of intensity, color or frequency.

32.     An exemplary, but not exhaustive, list of Accused Products sold by Walmart is attached as **Exhibit B**.

**Walmart's Acts of Infringement**

33.      Walmart has made, used, sold, offered to sell and/or imported infringing products, and continues to do so, including the Accused Products.

34.     By doing so, Walmart has directly infringed the '829 Patent.

35.     Walmart has engaged and continues to engage in a pattern of conduct intended to induce and/or contribute to the infringement of others, such as its customers and end-users. These actions have included and include making, selling, offering to sell, and/or importing products that infringe the '829 Patent.

36.     Through its actions, Walmart induces and/or contributes to the infringement of the '829 Patent, and thus indirectly infringes the '829 Patent.

37.     There is an actual, substantial, and continuing justiciable controversy between Counterflo and Walmart regarding Walmart's infringement of the '829 Patent. Absent a judgment and injunction from this Court, Walmart will continue to infringe the '829 Patent and continue to cause damage and irreparable harm to Counterflo.

NY 78918534

38.    Walmart has been aware of the '829 Patent at least as of July 17, 2019, the date on which Counterflo informed Walmart that its sale of the Accused Products constituted infringement of the '829 Patent. Additionally, Walmart has been aware of, or should have been aware of, the '829 Patent at least because Counterflo's products sold in the United States were marked with the '829 patent in compliance with 35 U.S.C. § 287.

39.    Despite being aware and having knowledge of the '829 Patent and recognizing the value and benefits of Counterflo's patented technology, Walmart has elected to infringe the '829 Patent, including by selling or offering to sell at least the Accused Products.

40.    Walmart's infringement of the '829 Patent is willful. Walmart continues to commit acts of infringement despite awareness of the '829 Patent and a high likelihood that its actions constitute infringement, and Walmart knew or should have known that its actions constituted an unjustifiably high risk of infringement, at least because Counterflo identified to Walmart exemplary Accused Products sold by Walmart and explained how those Accused Products infringed the '829 Patent and because Counterflo's products sold in the United States were marked with the '829 patent in compliance with 35 U.S.C. § 287. Further, the innovative features of the '829 Patent and the product embodying them were well-known as an "invention." *See* http://content.time.com/time/specials/packages/article/0,28804,2029497_2030623_2029820,00.h tml.

## V. COUNT ONE - INFRINGEMENT OF U.S. PATENT NO. 8,791,829

41.    Counterflo realleges and incorporates by reference each of the preceding paragraphs.

42.    Walmart, by itself and/or through its subsidiaries, agents, and/or business partners, has directly infringed, literally or under the doctrine of equivalents, claims of the '829 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or

importing systems and methods protected thereby within the United States and within this District. Walmart has been engaged in direct infringement activities with respect to at least the Accused Products. By way of example, and without limitation, Walmart has directly infringed the '829 Patent by offering for sale and/or selling products that meet all limitations of Claims 1 and 8 to provide consumers with a power aware phone charger.

43.    For example, with respect to Claims 1 and 8, on information and belief, the Accused Products sold by Walmart—exemplified by the Oliomp charger (*see* https://www.walmart.com/ip/USB-C-Cable-6FT-3A-Fast-Charger-Oliomp-360-Visible-Lighted-Up-LED-Flowing-Light-Type-Cable-Charging-Cord-Compatible-Samsung-Galaxy-S10-S9-S8-Note-9-P/477696706; *see also* https://www.amazon.com/Charger-Oliomp-Visible-Charging-Compatible/dp/B08X47P4Q4/?th=1 for additional product details)—are charging cables for, *inter alia*, phones that provide a visual indication of electrical quantity through a conductor:



44.    The Accused Products comprise a substantially wire shaped illuminator:



*See* https://www.amazon.com/Charger-Oliomp-Visible-Charging-Compatible/dp/B08X47P4Q4/?th=1.

45.    The Accused Products further comprise a controller for controlling at least one illumination characteristic—*i.e.*, "intensity, color, or frequency" (*see* Claim 8)—of said wire shaped illuminator with respect to said electrical quantity:



✓Flowing Light Smart Cable : The flash lighting charging core shows a fluent flowing light effect, once plug in, you will see as the electrical flowing into cell phone. Charging a phone when the battery is low speeds the speed of flowing, slows as the battery is full, and automatically shuts off when it's 100% charged.

*See id.*

10

46.    The Accused Products further measure the electrical quantity and feed the wire shaped illuminator with varying current or voltage corresponding to the electrical quantity measured in the conductor, causing a change in intensity, color, or frequency of the light:



*See id.*

47.    Upon information and belief, Walmart, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced the direct infringement of the '829 Patent by users of the Accused Products pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: making, selling, offering to sell, and importing the Accused Products, and though activities relating to selling, marketing, advertising, promotion, support, and distribution of the Accused Products. Upon information and belief, Walmart had actual knowledge of the '829 Patent no later than July 17, 2019, upon being notified by Counterflo that its sale of the Accused Products infringed the '829 Patent. Further, upon information and belief, Walmart

had or should have had actual knowledge of the '829 Patent prior to July 17, 2019 at least because Counterflo's products sold in the United States were marked with the '829 patent in compliance with 35 U.S.C. § 287 and the innovative features of the '829 Patent and the product embodying them were well-known as an "invention." *See* http://content.time.com/time/specials/packages/article/0,28804,2029497_2030623_2029820,00.html. On information and belief, Walmart has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '829 Patent.

48.    Walmart, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to the direct infringement by users of the Accused Products of claims of the '829 Patent (including, without limitation, the claims addressed above) pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering to sell, and/or importing the Accused Products that practice one or more claims of the '829 Patent, that constitute a material part of the invention(s) claimed in the '829 Patent, and that have no substantial non-infringing use, with knowledge that such components are especially made or adapted for use in infringing the '829 Patent.

49.    As a consequence of each of Walmart's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the '829 Patent, Counterflo has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284. An injunction is appropriate at least because (1) Counterflo is likely to succeed on the merits, based at least on Walmart's acts of infringement as set forth above; (2) Counterflo will suffer irreparable harm in the absence of preliminary (and permanent) relief, at least because Walmart's infringing acts and sale of unlicensed products into the United States market continue to block Counterflo from the United States market, erode Counterflo's goodwill

NY 78918534

and reputation, and cause price erosion in other markets; (3) remedies available at law are inadequate to compensate Counterflo at least because the damage to its goodwill and reputation will be ongoing; (4) the balance of equities and hardships both favor Counterflo at least because Walmart's infringement is willful, as set forth above, and it knowingly took the risk of investing in the sale of infringing products; and (5) the public has an interest in maintaining Counterflo's patent rights while litigation is pending and thereafter.

50.     Upon information and belief, as set forth in detail above, Walmart's infringement of the '829 Patent has been willful.

## JURY DEMAND

51.     Counterflo requests a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Counterflo respectfully requests that the Court enter judgment against Walmart:

A.     determining that Walmart has infringed, and continues to infringe, one or more claims of the '829 Patent;

B.     ordering Walmart to account for and pay to Counterflo all damages suffered by Counterflo as a consequence of Walmart's infringement of the '829 Patent, including but not limited to lost profits or at a minimum reasonable royalties, together with pre and post judgment interest and costs as fixed by the Court;

C.     ordering Walmart to account for and pay to Counterflo all ongoing lost profits, royalties and/or other damages caused by Walmart's continuing infringement of the '829 Patent;

D.     ordering a preliminary injunction prohibiting Walmart from further acts of infringement of the '017 patent;

13

E.    ordering a permanent injunction prohibiting Walmart from further acts of infringement of the '829 Patent;

F.    declaring that Walmart's infringement of the '829 Patent was and is willful and trebling Counterflo damages under U.S.C. § 284 on that ground.


Dated:  February 10, 2022                    Respectfully submitted,


                                             /s/ Elizabeth L. DeRieux
                                             Timothy K. Gilman *(pro hac vice to be filed)*
                                             Gregory R. Springsted *(pro hac vice to be filed)*
                                             Ryan J. Singer *(pro hac vice to be filed)*
                                             **STROOCK & STROOCK & LAVAN LLP**
                                             180 Maiden Lane
                                             New York, NY 10038-4982
                                             Tel: (212) 806-5400
                                             Fax: (212) 806-6006
                                             Email: tgilman@stroock.com
                                             Email: gspringsted@stroock.com
                                             Email: rsinger@stroock.com

                                             Elizabeth L. DeRieux
                                             State Bar No. 05770585
                                             **Capshaw DeRieux, LLP**
                                             114 E. Commerce Ave.
                                             Gladewater, TX 75647
                                             Telephone: 903-845-5770
                                             E-Mail: ederieux@capshawlaw.com

                                             *Attorneys for Plaintiff Counterflo AB*

NY 78918534